# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2646-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GABINO RIVERA,

    Defendant-Appellant.

_____

Submitted October 11, 2017 — Decided November 13, 2017

Before Judges Yannotti and Leone.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-01-0020.

Joseph E. Krakora, Public Defender, attorney for appellant (Stephen W. Kirsch, of counsel and on the brief).

Thomas K. Isenhour, Acting Union County Prosecutor, attorney for respondent (Cynthia L. Ritter, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant G.R. appeals from his December 4, 2015 judgment of conviction (JOC) for sexual assault, criminal sexual conduct, and endangering the welfare of a child, S.M.[1] He contends fresh-complaint testimony from S.M.'s stepsister A.S. was improperly admitted, and that his sentence is excessive. We affirm his convictions, but vacate the sentence and remand for resentencing.

## I.

The following facts come from the transcripts of defendant's jury trial.

Defendant was in a romantic relationship with S.M.'s paternal grandmother prior to S.M.'s birth in 1995.[2] From the age of four, S.M. lived on and off with her grandmother and defendant. Defendant helped raise S.M., and S.M. considered and called defendant her grandfather.

S.M. testified as follows. Defendant first began acting inappropriately toward her when she was eight years old. At that time, S.M.'s father was in prison, so S.M. lived with her mother during the week and her grandmother and defendant on the weekends. Defendant kissed S.M. on the lips once, and made subsequent

---

[1] We use initials to protect the privacy of the victim.

[2] At trial, S.M. referred to defendant as her step-grandfather, and her grandmother's "husband," but it appears he was her long-term live-in boyfriend.

unsuccessful attempts to kiss her until her father was released from prison. S.M. then went to live with her father. Eventually her father's home grew to include her stepmother and her stepsister A.S.

In 2006, on S.M.'s eleventh birthday, her stepmother suffered a miscarriage. As a result, that night, S.M. and A.S. slept at the residence her grandmother shared with defendant. S.M. and A.S. slept on the two sides of an L-shaped sofa in the living room.

S.M. testified defendant came into the room, put his hands in her pants, and digitally penetrated her vagina for several minutes while she was laying on the sofa. S.M. did not yell because she did not want A.S. to wake and see her grandfather touching her. Instead, S.M. tried to move away from defendant and groan while pretending to be asleep until he left.

Unbeknownst to S.M., A.S. was awake. A.S. testified she saw defendant enter the room, lift S.M.'s blanket, and start touching S.M.'s "butt." A.S. was in shock and did not say anything.

A.S. testified the sexual abuse came up in conversation with S.M. about a year later. A.S. testified S.M. "asked me if I remembered what happened that night and I said yes and she told me not to say anything."

A-2646-15T2

S.M. testified that she did not tell her mother because they had no relationship at that time. She did not tell her father because she was concerned that he might react violently, and she did not want him to get sent back to prison. She did not tell her sick grandmother because S.M. was worried that she would die if she learned her "husband" had sexually abused her granddaughter.

S.M. and A.S. testified that defendant would touch S.M.'s thigh inappropriately when he was driving them to school over the following years. S.M. also testified that defendant digitally penetrated her vagina in February 2011 and in August 2011.

S.M. testified that in October 2011 defendant sent S.M. a text message stating that he "desired" her. S.M. told defendant she was tired of his behavior and was going to tell her father. Defendant begged her not to do so.

S.M. did not discuss defendant's behavior with anyone else until March 2012 when she told the social worker at her school. The social worker alerted S.M.'s father and the police.

The jury convicted defendant of second-degree sexual assault on a victim less than thirteen years old, N.J.S.A. 2C:14-2(b); second-degree endangering the welfare of a child through sexual conduct, N.J.S.A. 2C:24-4(a); and fourth-degree criminal sexual

conduct using physical force or coercion, N.J.S.A. 2C:14-3(b).[3]

The court merged the criminal sexual conduct conviction with the sexual assault conviction. On the sexual assault conviction, the court sentenced defendant to seven years in prison with an 85% period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The court imposed a concurrent seven-year sentence on the endangering conviction.

Defendant appeals, raising the following arguments:

> POINT I — THE ALLEGED FRESH-COMPLAINT EVIDENCE WAS NOT OF A "COMPLAINT" AT ALL, AND SHOULD NOT HAVE BEEN ADMITTED.
>
> POINT II — THE SENTENCE IMPOSED IS MANIFESTLY EXCESSIVE.

II.

Defendant first argues that the trial court should not have admitted testimony of step-sister A.S. as "fresh complaint" evidence regarding defendant's sexual abuse of S.M. on her eleventh birthday. We must hew to "our deferential standard for reviewing a trial court's evidentiary rulings, which should be upheld

---

[3] The jury acquitted defendant of first-degree aggravated sexual assault on a victim less than thirteen years old, N.J.S.A. 2C:14-2(a)(1); first-degree sexual assault on a victim at least thirteen and less than sixteen years old committed by a guardian, N.J.S.A. 2C:14-2(a)(2)(c); second-degree sexual assault by using physical force or coercion, N.J.S.A. 2C:14-2(c)(1); and second-degree sexual assault on a victim less than thirteen, N.J.S.A. 2C:14-2(c)(4).

'"absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment."'" State v. Perry, 225 N.J. 222, 233 (2016) (citations omitted). "An appellate court applying this standard should not substitute its own judgment for that of the trial court, unless 'the trial court's ruling "was so wide of the mark that a manifest denial of justice resulted."'" Ibid. (citation omitted).

Before allowing A.S. to testify before the jury, the trial court heard her testimony in a hearing under N.J.R.E. 104. The court considered the fresh-complaint doctrine, which "allows the admission of evidence of a victim's complaint of sexual abuse, otherwise inadmissible as hearsay, to negate the inference that the victim's initial silence or delay indicates that the charge is fabricated." State v. R.K., 220 N.J. 444, 455 (2015). "In order to qualify as fresh-complaint evidence, the victim's statement must have been made spontaneously and voluntarily, within a reasonable time after the alleged assault, to a person the victim would ordinarily turn to for support." Ibid. (citations omitted).

The fresh-complaint "requirements are relaxed when they are applied to juvenile victims." Ibid. (citation omitted). "[C]hildren may be 'too frightened and embarrassed to talk about' the sexual abuse they have encountered, and therefore, juvenile

victims are given additional time to complain, and their complaint may be elicited through non-coercive questioning." Ibid. (citation omitted).

The trial court found A.S. credible, ruled the discussion between S.M. and A.S. approximately one year after the sexual assault satisfied all of the fresh-complaint requirements, and held A.S.'s testimony about this conversation was admissible under the fresh-complaint doctrine. "Whether these criteria for admissibility are satisfied is committed to the sound discretion of the trial judge." State v. W.B., 205 N.J. 588, 616 (2011) (upholding the trial court's finding that a sixteen-year-old girl who complained "more than one and one-half years" after the abuse complained within a reasonable time).[4]

At the 104 hearing, defendant gave the reasons for excluding S.M.'s fresh complaint to A.S., arguing that the complaint was too long after the sexual assault, and that there was no evidence of intimidation. On appeal, however, defendant instead argues this testimony "was not of a 'complaint' at all" because, unbeknownst to S.M., A.S. already knew about the abuse.

This argument "was not raised at trial, and thus defendant can prevail on it only by demonstrating 'plain error.'" State v.

---

[4] The trial court did not admit A.S.'s testimony about conversations with S.M. in 2010 and 2011.

Angoy, 329 N.J. Super. 79, 89 (App. Div.), certif. denied, 165 N.J. 138 (2000). To show plain error, "'defendant has the burden of proving that the error was clear and obvious,'" and that it had "'the clear capacity to bring about an unjust result.'" State v. Koskovich, 168 N.J. 448, 529 (2001) (citations omitted).

In any event, we reject defendant's parsing of the word "complaint." A "complaint" has long been defined as an "expression of grief, pain, or resentment." Webster's New Collegiate Dictionary 230 (1977); accord Merriam-Webster's Collegiate Dictionary 254 (11th ed. 2014). A "complaint" does not require the complaining party to relay information the hearer does not know. A person can "complain" about the weather even though the hearer is equally aware of the weather.

Moreover, S.M.'s conversation with A.S. served the purpose of the fresh-complaint doctrine. The purpose of fresh complaint evidence is "'to prove only that the alleged victim complained [at a particular time].'" W.B., supra, 205 N.J. at 616-17 (citation omitted) (alteration by Court). Whether the hearer already knew about the crime is irrelevant. It is similarly irrelevant whether the victim conveyed the details about the crime. "The narrow purpose of fresh-complaint testimony extends only to the fact of the victim's complaint, not to its details." R.K., supra, 220 N.J. at 460. "[T]he gist of the evidential circumstances is merely

non-silence." State v. Bethune, 121 N.J. 137, 146 (1990) (quoting 4 Wigmore On Evidence § 1136 at 307 (Chadbourne rev. 1972)).

Here, A.S.'s testimony showed S.M. did not remain silent. A.S. testified S.M. raised the subject of defendant's sexual assault. S.M.'s question "do you remember what happened that night" sufficiently alerted A.S. that S.M. was talking about defendant's sexual abuse on her birthday night. See ibid. A.S. testified "[i]t was the only night that really stood out." When A.S. replied she knew what happened that night, nothing more needed to be said.

After A.S. testified at the 104 hearing, S.M. testified at trial about the first time she and A.S. discussed defendant's sexual abuse. S.M. testified A.S. "brought it to my attention," and "she saw and she knew." Defendant cites the former phrase to show S.M. did not complain, but it also could mean A.S. brought to S.M.'s attention that A.S. saw and knew about the sexual assault after S.M. raised the issue. Indeed, A.S. reaffirmed in her trial testimony that S.M. raised the issue. Moreover, S.M. testified she and A.S. "spoke about it," so S.M. was not silent. In any event, S.M.'s trial testimony came after the court's ruling at the 104 hearing, and defendant did not seek to reopen that ruling.

Defendant also cannot show prejudice. A.S.'s testimony about the conversation was brief and contained no details about the

sexual assault. Moreover, the trial court "charge[d] the jury that fresh-complaint testimony is not to be considered as substantive evidence of guilt, or as bolstering the credibility of the victim; it may only be considered for the limited purpose of confirming that a complaint was made." R.K., supra, 220 N.J. at 456 (citation omitted). Thus, defendant cannot show an error "clearly capable of producing an unjust result." R. 2:10-2.

### III.

Defendant next challenges his sentence. "It is well-established that appellate courts review the trial court's 'sentencing determination under a deferential standard of review.'" State v. Grate, 220 N.J. 317, 337 (2015) (citation omitted). This court is "'bound to affirm a sentence, even if [we] would have arrived at a different result, as long as the trial court properly identifies and balances aggravating and mitigating factors that are supported by competent credible evidence in the record.'" Ibid. (citation omitted).

Defendant challenges the trial court's finding of aggravating factor two. That factor addresses:

> The gravity and seriousness of harm inflicted on the victim, including whether or not the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, ill-health, or extreme youth, or was for any other reason

> substantially incapable of exercising normal
> physical or mental power of resistance[.]
>
> [N.J.S.A. 2C:44-1(a)(2) (emphasis added).]

At sentencing, defense counsel argued it was double-counting to consider S.M.'s age. Nonetheless, the court found:

> As to Aggravating Factor 2 the victim was young. She was less than 13 years old at the time she was sexually assaulted by the defendant. She was particularly vulnerable to his actions due to her age and her relationship to the defendant, who was like a grandfather to her, as, in fact the defendant himself pointed out. I don't agree that it's double-counting at all, [defense counsel]. It's a factor that certainly applies here, [t]he Court has found, because of the age of the victim at the time . . . of the events for which the defendant was convicted.

On appeal, defendant argues the trial court's consideration of age constituted double-counting because age is an element in both offenses for which he was sentenced. Under the circumstances here, we are constrained to agree.

Generally, "established elements of a crime for which a defendant is being sentenced should not be considered as aggravating circumstances in determining that sentence." State v. Kromphold, 162 N.J. 345, 353 (2000). It is an element of second-degree sexual assault that the victim had to be "less than 13 years old." N.J.S.A. 2C:14-2(b).

A-2646-15T2

In State v. C.H., 264 N.J. Super. 112 (App. Div. 1993), the defendant committed sexual assault against a victim "who was age eight." Id. at 118. We found the sentencing judge "err[ed] in applying aggravating factor number two since the age of victim was an element of the offense itself." Id. at 140. By contrast, in State v. Taylor, 226 N.J. Super. 441, 453 (App. Div. 1988), where the victim of the sexual assault was four years old, we held "[t]he extreme youth of the victim was a proper aggravating factor to have been considered by the court." Ibid.

Our Supreme Court ultimately adopted the Taylor standard, allowing consideration of aggravating facts if they are more extreme than necessary to establish an element of the offense. "A sentencing court may consider 'aggravating facts showing that [the] defendant's behavior extended to the extreme reaches of the prohibited behavior.'" State v. Fuentes, 217 N.J. 57, 75 (2014) (quoting State v. Henry, 418 N.J. Super. 481, 493 (Law Div. 2010) (citing Taylor, supra, 226 N.J. Super. at 453)).

Applying that standard, eleven-year-old S.M. was not at the extreme reaches of the prohibited behavior under the sexual assault statute, which covers victims "less than 13 years old." N.J.S.A. 2C:14-2(b). She was three years older than the victim in C.H., who like defendant was closer to the maximum age than the minimum

age. She was seven years older than the victim in Taylor, who was closer to the minimum age.

It is a closer call under the statute barring endangering the welfare of a "child," which covers victims "under 18 years of age." N.J.S.A. 2C:24-4(a)(1), (b)(1). However, as eleven-year-old S.M. was nearer the maximum age than the minimum age, it cannot be argued she was at "'the extreme reaches of the prohibited behavior'" under the endangering statute. Fuentes, supra, 217 N.J. at 75 (citation omitted). Thus, her age could not considered as an aggravating factor for either conviction.

The trial court offered a second reason for applying aggravating factor two, namely that S.M. "was particularly vulnerable" due to "her relationship to the defendant," her de facto grandfather. "[S]ince the age of the victim alone makes the crime" a sexual assault, and the relationship of the defendant to the victim is not an element of sexual assault, it is "appropriate to consider the relationship between the parties as an aggravating factor" for sexual assault. State v. Yarbough, 100 N.J. 627, 646 (1985), cert. denied, 475 U.S. 1014, 106 S. Ct. 1193, 89 L. Ed. 2d 308 (1986).

However, it is unclear that the trial court would have found the relationship alone sufficient to find aggravating factor two. The court found aggravating factor two applied because S.M. was

"young," "less than 13 years old," and vulnerable "due to her age," and "because of the age of the victim."

Moreover, the court did not explain whether it was relying on the relationship between defendant and S.M. in imposing an identical seven-year sentence for endangering. One element of endangering is that the defendant has "a legal duty for the care of a child or who has assumed responsibility for the care of a child." N.J.S.A. 2C:24-4(a)(1). An aggravating factor inappropriate regarding one count can be considered in sentencing on another count, State v. Boyer, 221 N.J. Super. 387, 405-06 (App. Div. 1987), but it appears the court relied on the same aggravating factors for both sexual assault and endangering, as it imposed seven-year sentences on both.

"The sentencing court must not only ensure that facts necessary to establish the elements of the defendant's offense are not double-counted for purposes of sentencing," but its analysis must be "clearly explained so that an appellate court may be certain that the sentencing court has refrained from double-counting the elements of the offense." Fuentes, supra, 217 N.J. at 76. That was not the case here.

Defendant also argues that the record did not support a finding of aggravating factor nine. "[T]he need for deterring the defendant and others from violating the law." N.J.S.A. 2C:44-

14

1(a)(9). The trial court found "an overwhelming need to deter the defendant from future sexual assaults and for sexual contacts and, of course, to deter others from committing such egregious crimes." Defense counsel conceded "the need to deter especially others from doing this," but defendant contends there was not a need to deter him.

We disagree. The record suggested defendant's feelings for S.M. were extremely strong and led him to inappropriate behavior when she was eight years old and eleven years old, at the very least. Moreover, defendant's attraction to an eleven-year-old overcame the taboos arising from his obligations as her de facto grandfather, suggesting he needed to be deterred from similarly pursuing other juveniles unprotected by such taboos.

We must consider whether the double-counting error regarding aggravating factor two was harmless. E.g., State v. M.A., 402 N.J. Super. 353, 372 (App. Div. 2008). "Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result." R. 2:10-2. Because defendant objected to the double-counting, the State bears the burden.

The State stresses that even without aggravating factor two, the aggravating factors would still outweigh the non-existent mitigating factors. In additional to aggravating factor nine, the

trial court found aggravating factor six, "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted." N.J.S.A. 2C:44-1(a)(6). However, the court gave defendant "partial credit for the fact that he has only one prior indictable conviction" and was sixty-five-years old.

Moreover, the trial court did not state the weight it gave to each of the aggravating factors. Further, the court did not expressly balance the aggravating and mitigating factors at sentencing, although the JOC stated it was "clearly convinced that aggravating factors 2, 6, and 9 substantially outweigh the non-existent mitigating factors."

The State stresses the trial court imposed only the "presumptive" seven-year sentence on each second-degree crime. See N.J.S.A. 2C:44-1(f)(1)(c). However, in State v. Natale, 184 N.J. 458 (2005), our Supreme Court "conclude[d] that the Code's system of presumptive term sentencing violates the Sixth Amendment's right to trial by jury," and remedied that defect by "eliminating the presumptive terms." Id. at 484, 487.

The Supreme Court in Natale hypothesized "that many, if not most, judges . . . will decide that [when] the aggravating and mitigating factors are in equipoise, the midpoint will be an appropriate sentence," "when the mitigating factors preponderate,

sentences will tend toward the lower end of the range, and when the aggravating factors preponderate, sentences will tend toward the higher end of the range." Id. at 488. However, the Court emphasized "[t]hat would be one reasonable approach, but it is not compelled," and "no inflexible rule applies." Ibid. That is evident here, as the trial court imposed a midpoint sentence even though it found three aggravating and no mitigating factors. Thus, it is not self-evident the court's sentence would remain unchanged without aggravating factor two.

The outcome might be different if defendant was raising the double-counting argument for the first time on appeal, as he would have the burden to show plain error. However, the State has not carried its burden to show by a preponderance of the evidence that the sentence would not have been different in the absence of aggravating factor two. Thus, the State failed to show that the double-counting error was not "clearly capable of producing an unjust result." R. 2:10-2.

Accordingly, we vacate the sentences and remand to the trial court for resentencing in accordance with this opinion, which does "not necessarily bar the application of aggravating factor" two on remand as to the sexual assault conviction based on the relationship, if appropriate findings are made. Fuentes, supra, 217 N.J. at 77. We do not retain jurisdiction.

Affirmed in part, vacated in part, and remanded.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION